UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM R. KANE, III,

    Plaintiff,

v().   Case No.:

LITTLEFIELD CORPORATION;
PENSACOLA ONE, INC.; and
RICHARD BUNKLEY,

    Defendants.
_____/

## PLAINTIFF'S INITIAL COMPLAINT

COMES NOW the plaintiff, William R. Kane, III, by and through his undersigned counsel, and hereby files this Initial Complaint against Defendants, Littlefield Corporation; Pensacola One, Inc.; and Richard Bunkley, and alleges:

### *I. Jurisdiction and Venue*

1.    This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq.*

2.    Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; Defendants had an office and operated in this district; Plaintiff was employed, paid, and worked in this district;

all causes of action accrued in this district; and Defendants are subject to personal jurisdiction in this district.

## *II. Parties*

3.  At all times relevant hereto, Plaintiff, William R. Kane, III, was a floor worker at a bingo establishment owned, operated, and/or controlled by Defendants.

4.  At times relevant hereto, Defendant Littlefield Corporation employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

5.  Defendant Littlefield Corporation is subject to, and not exempt from, the provisions of the FLSA.

6.  Upon information belief, Defendant Littlefield Corporation is a Texas corporation which has its primary place of business in Waco, Texas.  It provides services and engages in business in Florida, and it has purposely availed itself of the privilege of operating, conducting, engaging in, and carrying on substantial, not isolated, business or business ventures in Florida.  Nevertheless, upon information and belief, Littlefield Corporation is not registered to do business with

the Secretary of State of Florida.  Consequently, Littlefield Corporation is subject to substitute service upon the Secretary of State of Florida pursuant to Fla. Stat. § 48.181.

7. At all times relevant hereto, Defendant Pensacola One, Inc. employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that it moved to interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year for each applicable year.

8. Defendant Pensacola One, Inc. is subject to, and not exempt from, the provisions of the FLSA.

9. Defendant Richard Bunkley was at times relevant hereto an officer in and Chief Operating Officer of Littlefield Corporation, exercised control over Littlefield Corporation's operations, and played a substantial role in determining the compensation of Plaintiff in his employment with Littlefield Corporation.

10. Defendant Richard Bunkley was at all times relevant hereto also an officer in Defendant Pensacola One, Inc., exercised control over Pensacola One's operations, and played a substantial role in determining the compensation of Plaintiff in his employment with Pensacola One, Inc.

11. Defendant Richard Bunkley is subject to, and not exempt from, the

provisions of the FLSA.

### III.  Factual Allegations

12.  Plaintiff worked for Defendants for four or more years, until April, 2019. Within the three (3) years immediately preceding the filing of this lawsuit, he was jointly employed as an "employee" of Defendants within the meaning of the FLSA.

13.  Defendants owned/operated at least one bingo hall in Northwest Florida, which operated under the name Town & Country Bingo and was located at 3300 North Pace Boulevard, Pensacola, Florida.

14.  This Town & Country Bingo establishment was at all times relevant hereto engaged in commercial activities and competed with other private businesses.

15.  Throughout the pertinent time-frame of his employment with Defendants, Plaintiff routinely worked in excess of 40 hours per week. Nevertheless, Defendants failed to compensate him at the legally required rate for those overtime hours.

16.  In or around May, 2018, Defendants advised employees, including Plaintiff, that they would no longer be paid for any of the hours that they worked; instead, the only compensation they would receive would be in the form of tips

received from patrons. After this announcement, Defendants paid no wages to Plaintiff.

17. Defendants also failed to keep and preserve records of those employed by them and the wages, hours, and other conditions and practices of employment as required by 29 U.S.C. § 211(c).

### *IV. Count I -- Violation of Fair Labor Standards Act (Minimum Wages)*

18. Plaintiff realleges and incorporates herein paragraphs 1 through 17, above.

19. Defendants are subject to, and not exempt from, the provisions of the FLSA.

20. Throughout Plaintiff's employment with Defendants, Defendants were fully aware of the FLSA and the obligations imposed by it to pay Plaintiff the required minimum wages.

21. Nevertheless, Defendants failed to compensate him at the legally required wage.

22. Such conduct of Defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

23. As a result of Defendants' violation of the FLSA, Plaintiff has been

denied compensation for his labor at the legally required rate.

24. Moreover, Plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to him by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for all unpaid minimum wages due; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which he may be entitled.

### V. Count II -- Violation of Fair Labor Standards Act
### (Overtime Compensation)

25. Plaintiff realleges and incorporates herein paragraphs 1 through 17, above.

26. Defendants are subject to, and not exempt from, the provisions of the FLSA.

27. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA. Additionally, there were no exemptions under the FLSA which would be applicable to Plaintiff.

28. Throughout Plaintiff's employment with Defendants, Defendants were fully aware of the FLSA and the obligations imposed by it to pay overtime compensation.

29. Nevertheless, Defendants willfully and intentionally failed and refused to properly compensate Plaintiff and pay him overtime wages. Such conduct of Defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

30. As a result of Defendants' violation of the FLSA, Plaintiff has been denied compensation for his labor at the legally required rate.

31. Moreover, Plaintiff has had to retain an attorney in order to collect the overtime wages owed to him by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which he may be entitled.

*Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
Richard D. Barlow, Esq.
Florida Bar Number:  0425176
ODOM & BARLOW, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
email@odombarlow.com
Attorneys for Plaintiff