UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM R. KANE, III,

    Plaintiff,

v.                                       Case No.:  3:21cv355/TKW/EMT

LITTLEFIELD CORPORATION;
PENSACOLA ONE, INC.; and
RICHARD BUNKLEY,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

COMES NOW the Plaintiff, WILLIAM R. KANE, III ("Plaintiff"), and the Defendants, LITTLEFIELD CORPORATION, PENSACOLA ONE, INC., AND RICHARD BUNKLEY (collectively the "Littlefield Defendants"), by and through their attorneys of record, and hereby move this Honorable Court for an Order approving the Parties' settlement of this case. In support thereof, the Parties state as follows:

    **I.**    **Summary**

Plaintiff worked at the Town and Country Bingo Hall for more than three (3) years prior to the filing of this action until he voluntarily resigned in April 2019. Prior to May 1, 2018 plaintiff contends he was under-paid for his labor, that his employers were not entitled to take a tip credit against the wages which he was paid,

and that he was not properly paid overtime in violation of the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA"). Additionally plaintiff contends that after April 30, 2018, he was not compensated at all for his labor in further violation of the FLSA and FMWA. Accordingly, plaintiff filed suit against defendants for unpaid minimum wages and overtime compensation he contends he was owed, liquidated damages, and attorneys' fees and costs under the FLSA. He also complied with pre-suit notice requirements under the FMWA, with the intent to amend his complaint to include an FMWA claim.

Counsel for the Parties have conferred, discussed plaintiff's claims and defendants' defenses, and agreed upon settlement terms. The Parties therefore seek an Order approving the Parties' Settlement Agreement, which is appended hereto as Exhibit A, and which is contingent on the Court's approval of the Agreement.

**II.     Dispute and Compromise**

1.     On February 26, 2021, Plaintiff filed his Initial Complaint against the defendants: Littlefield Corporation; Pensacola One, Inc.; and Richard Bunkley (hereinafter collectively the "Littlefield Defendants"). Although the claims in his Initial Complaint were confined to the FLSA, he has since satisfied his FMWA pre-suit requirement and but for this proposed settlement would have amended his

pleadings to assert an FMWA claim (which arises out of the same facts as his FLSA claim).

2. Plaintiff contends that the Littlefield Defendants violated the FLSA and FMWA by failing to properly compensate him throughout the relevant time-frame, as the Littlefield Defendants are not entitled to take a tipped employee credit because of management's participation in the pooling of tips as well as their failure to pay additional overtime compensation when he worked in excess of 40 hours in a workweek. Plaintiff further contends that the Littlefield Defendants violated the FLSA and FMWA by wholly failing to compensate him for his labor after April 30, 2018, as he was an employee as opposed to a volunteer, the Littlefield Defendants were his employers, and he was not a bona fide member of any charitable organizations. Plaintiff thus contended he was owed approximately $21,000 in unpaid wages (including overtime) and approximately $21,000 in liquidated damages under his FLSA and FMWA claims. Additionally, Plaintiff claimed entitlement to attorneys' fees and costs pursuant to those statutes.

3. Conversely, the Littlefield Defendants contend they did not violate the FLSA or FMWA because they contend that they were not his employers, that he was not their employee, that he was a charitable volunteer for various non-parties, that he was a bona fide member of those charities, that pursuant to Florida Law they

could not compensate Plaintiff, and that he agreed to work without compensation. The Littlefield Defendants further maintain that the claimed hours worked were inaccurate and exaggerated and that tips were not impermissibly pooled.

4. Accordingly, there is significant disagreement among the Parties on a host of both legal and factual issues, including plaintiff's entitlement to relief under the FLSA and the FMWA, the amount plaintiff would recover if he were to prevail, his entitlement to liquidated damages, and the applicable statute of limitations in light of the dispute over the willfulness of the Littlefield Defendants' conduct.

5. With all of this in mind, the Parties have reached a compromised settlement in this matter, which, pending the Court's approval, resolves all of Plaintiff's claims, as set forth in the Initial Complaint and which otherwise relate to his compensation, wages, and overtime.

6. The Parties have separately and independently negotiated Plaintiff's claim for attorney's fees and costs and have also reached an agreement regarding same.

7. Approval of this settlement is required pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). As held in *Lynn's Food*, unless payment of a claim arising under the FLSA is "supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or

liquidated damage claims may be allowed: a stipulated judgment entered by a court." *Lynn's Food*, 679 F.2d at 1355; *see also Harrison v. Experis US, Inc.,* 2017 WL 11113511, *1 (M.D. Fla. Aug. 22, 2017). As such, the Parties are requesting the Court approve the duly executed Settlement Agreement. (Ex. A).

8. The Parties agree that the terms of the Settlement Agreements are legal, fair, reasonable, adequate, and in the Parties' best interests.

9. Given the claims and defenses of the Parties, Plaintiff has agreed to compromise his claims in order to resolve this case. Likewise, the Littlefield Defendants contend that they are paying more than is due to resolve this case. Specifically, the Littlefield Defendants have agreed to pay Plaintiff a gross settlement of $42,000.00, to bring the underlying litigation to end. (Ex. A). The gross settlement proceeds break down as follows:

   a. $19,000 shall be designated "wages";

   b. $19,000 shall be designated "liquidated damages"; and

   c. $4,000 shall be designated "attorney's fees and costs." (Ex. A ¶ 2).

10. Plaintiff acknowledges and agrees that this Agreement and the consideration provided herein have been and are made and received solely on the basis of a compromise of disputed claims, and this Agreement is not (and is not to

be construed as) an admission by any party of any liability or of any facts in this action whatsoever.

11. While the Littlefield Defendants believe they have strong defenses to Plaintiff's claims, the Littlefield Defendants believe that settlement is the best way to resolve the disputes among the Parties, while minimizing the Littlefield Defendants' own exposure, further expenditures on attorney's fees, and litigation costs. Accordingly, the Littlefield Defendants believe that this settlement is fair, reasonable, adequate, and in their best interest.

12. Court approval is necessary to effectuate a valid and enforceable release of Plaintiff's FLSA and FMWA claims. The Parties, through their counsel, hereby seek judicial approval of their compromise and the resolution of the dispute between Plaintiff and the Littlefield Defendants, as set forth in the attached Settlement Agreement.

## **LEGAL AUTHORITY AND ARGUMENT**

Pursuant to the Fair Labor Standards Act ("FLSA"), claims for back wages and other damages arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir.

1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food*, 679 F.2d at 1355.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *See Dees v. Hydradry, Inc*., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). The Court should be mindful of the strong presumption in favor of finding that a settlement is fair. *Hamilton v. Frito-Lay, Inc.*, 2007 WL 219981, at *2 (M.D. Fla. 2007) (citing *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).

Regarding the first factor, courts have found no fraud or collusion exists where both parties are represented by counsel and the amount to be paid to the Plaintiff appears fair. *See Helms v. Central Fla. Reg'l Hosp*., 2006 WL 3858491 (M.D. Fla. 2006). Here, the Parties were independently represented by counsel. Plaintiff was represented by the law firm of Odom & Barlow, P.A., namely, Bradley S. Odom,

7

Esq., and the Littlefield Defendants were represented by the law firm of Buschel Gibbons, P.A., namely, Robert C. Buschel, Esq. Both counsel were obligated to and did vigorously represent their clients' rights and interests. Although the Littlefield Defendants' did not pay the exact amount Plaintiff contends he is owed, the Littlefield Defendants did agree to pay the Plaintiff a significant portion of the claimed unpaid wages, plus an equal amount of liquidated damages. Considering the issues in this case, the Parties feel that this amount is reasonable and fair.

Regarding the second factor, the complexity, expense, and length of future litigation also weigh in favor of this settlement. The Parties continue to disagree over the merits of the Plaintiff's claim as well as the legal import of the Florida Bingo Statute. While Plaintiff contends the Littlefield Defendants failed to compensate him for all hours worked, plus liquidated damages, the Littlefield Defendants contend that Plaintiff was a volunteer and that they were not his employer. Likewise, the Littlefield Defendants contend that they acted in good faith and that liquidated damages are not owed. As such, it is likely that this case would be fully litigated, go to trial, and be appealed. This would cause a greater expense on the Parties and would protract litigation. As such, the settlement at this stage would be fair and reasonable and benefit all Parties.

Regarding the remaining factors, there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter. Although this particular case is in its initial stages, this case presents many of the same factual and legal issues as were present in <u>Ann Free v. Littlefield Corporation, et al.</u>, Case Number 3:20cv4326/TKW/HTC and <u>Joseph Locke v. Littlefield Corporation, et al.</u>, Case Number 3:20cv5258/TKW/HTC.  Because counsel for the Parties in this case were also counsel for the Parties in those two cases, they feel sufficiently apprised on the issues to advise their clients.  The Parties in this case also believe themselves sufficiently advised to make an informed decision.  That is, in agreeing to the proposed Settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion on the merits of continued litigation. Further, the uncertainty of the outcome for the Parties lends support to the approval of this settlement.

The last element generally considered is an evaluation of the reasonableness of the proposed attorney's fees. *Helms v. Central Fla. Reg'l Hosp.*, 2006 WL 3858491 at *2-3; *see also Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir.1998).  As long as the Plaintiff's attorney's fee is agreed upon separately and without regard to the amount paid to the Plaintiff, then, unless the settlement

9

does not appear reasonable on its face or there is reason to believe that a Plaintiff's recovery was adversely affected by the amount of the fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiff's counsel. *Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009). In this case, the amount to be paid to Plaintiff's counsel for attorney's fees was negotiated separately from the amount to be paid to Plaintiff for his FLSA claims and without regard to the amount to be paid to Plaintiff. The attorney fee was based on the hours reasonably spent by the Plaintiff's counsel litigating this case as well as costs incurred. The Parties feel that the attorney fee is reasonable.

Accordingly, the parties ask the Court to approve the Settlement Agreement appended as Exhibit A.

WHEREFORE, the Parties respectfully request that this Court enter an Order approving the Parties' compromise and resolution of the dispute between Plaintiff and the Littlefield Defendants, as embodied in the attached Settlement Agreement, as well as any further relief as this Court deems fair and just.

Dated this <u>25th</u> day of March 2021.

Respectfully Submitted,

By: /s/ Bradley S. Odom            By: /s/ Robert C. Buschel
    Bradley S. Odom, Esq.                Robert C. Buschel, Esq.
    Fla. Bar No.: 932868                Fla. Bar No.: 0063436
    Richard D. Barlow, Esq.                Buschel Gibbons, P.A.
    Fla. Bar No.: 0425176                501 East Las Olas Blvd, Ste 304
    ODOM & BARLOW, P.A.                Fort Lauderdale, Florida 33301
    1800 North "E" Street                (954) 530-5301
    Pensacola, FL 32501                Buschel@BGlaw-pa.com
    (850) 434-3527                *Attorneys for Defendants*
    email@odombarlow.com
    *Attorneys for Plaintiff*