**Exhibit A**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between the Plaintiff, WILLIAM R. KANE, III (hereinafter referred to as "Plaintiff"), and the Defendants, LITTLEFIELD CORPORATION, RICHARD BUNKLEY, and PENSACOLA ONE, INC. (collectively hereinafter referred to as the "Littlefield Defendants") (Plaintiff and Defendants are collectively hereinafter referred to as the "Parties").

## RECITALS

WHEREAS, Plaintiff has brought a lawsuit against the Littlefield Corporation; Pensacola One, Inc.; and Richard Bunkley, in the United States District Court for the Northern District of Florida, Pensacola Division, having Case Number 3:21-CV-355/TKW/HTC (hereinafter "the Lawsuit").

WHEREAS, Plaintiff asserted claims in the Lawsuit against the Littlefield Defendants for unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), for liquidated damages under the FLSA, and for attorney's fees and costs arising from litigating the Lawsuit;

WHEREAS, Plaintiff intended to also assert claims under the Florida Minimum Wage Act mandated by Section 24, Article X of the Florida Constitution and implemented by Section 448.110, Florida Statutes ("FMWA") upon satisfying the pre-suit requirements;

WHEREAS, the Littlefield Defendants dispute the allegations made by Plaintiff. Particularly, Littlefield Defendants dispute that they were or are the employers of any "floor workers" at Town & Country Bingo.

WHEREAS, all charities that operate bingo are governed by Florida Statute Section 849.0931. Particularly Florida Statute Section 849.0931(8) states in part: Each person involved in the conduct of any bingo game or instant bingo must be a resident of the community where the organization is located and a bona fide member of the organization sponsoring such game and may not be compensated in any way for operation of such game.

WHEREAS, the Parties desire to compromise and settle Plaintiff's claims to the extent of work performed outside Florida Statute Section 849.0931(8).

## AGREEMENT

In consideration of the mutual promises contained in this Agreement, and for other good and sufficient consideration, the legal sufficiency of which is acknowledged, the Parties agree as follows:

1.     Settlement Payment. Consistent with Paragraphs 2, 4, and 9 below, the Littlefield Defendants shall pay Plaintiff **FORTY-TWO THOUSAND DOLLARS and ZERO CENTS 00/100 ($42,000.00)** to bring the underlying litigation to an end ("Gross Settlement Proceeds"), as wages, liquidated damages, and attorney's fees and costs, in full satisfaction of Plaintiff's claims against the Littlefield Defendants for unpaid wages (including overtime) and liquated damages. The Parties agree that the amount of this payment fairly compensates Plaintiff for his alleged unpaid wages, including alleged overtime; fairly compensates plaintiff for his alleged liquidated damages; and fairly compensates Plaintiff for his attorney's fees and costs. The Parties also agree that payments shall be made in the mode and manner set forth in Paragraphs 2, 4, and 9 of this Settlement Agreement, and that the Littlefield Defendants are jointly and severally responsible for those payments.

2.     Allocation and Distribution. The Gross Settlement Proceeds payable to Plaintiff equal FORTY-TWO THOUSAND DOLLARS and ZERO CENTS 00/100 ($42,000.00) and shall be distributed in the manner set forth in Paragraphs 2, 4, and 9. Any or all of the Littlefield Defendants are permitted to pay all or any portion of the Gross Settlement Proceeds to Plaintiff via Plaintiff's counsel at 1800 North E Street, Pensacola, Florida 32501, as follows:

    **(a)** **Unpaid Wages.** Of the Gross Settlement Proceeds, NINETEEN THOUSAND HUNDRED DOLLARS ($19,000), shall be designated as "Wages."

    **(b)** **Liquidated Damages.** Of the Gross Settlement Proceeds, NINETEEN THOUSAND HUNDRED DOLLARS ($19,000), shall be designated as "Liquidated Damages."

    **(c)** **Attorney's Fees and Costs.** Of the Gross Settlement Proceeds, FOUR THOUSAND DOLLARS ($4,000), shall be designated as "Attorney's Fees and Costs."

3.     Approval of Settlement. The Parties agree to file a Joint Motion for Approval of Settlement Agreement. The payments and other consideration provided for in this Agreement are conditioned expressly upon the Court issuing an Order approving this Settlement Agreement.

4.     Taxes. Plaintiff shall pay any and all taxes that he may owe as a result of the payments made to him pursuant to paragraph 2 of this Settlement Agreement. Plaintiff affirms that he is not relying on any representation made by the Littlefield Defendants or the Littlefield Defendants' counsel concerning whether or not the payments are taxable as wages, as income, or otherwise, or concerning the amount of taxes that he may be required to pay as a result of the payments. Plaintiff agrees that he will not be entitled to any additional consideration under this Settlement Agreement as a result of any assessment of,

or liability for, taxes as a result of the payments. Plaintiff is not responsible for any taxes owed by the Littlefield Defendants as a result of this Settlement Agreement.

5. **Effective Date**. This Settlement Agreement shall be effective once the Court enters an Order approving the terms of this Settlement Agreement.

6. **Execution**. This Agreement may be executed separately by the Parties and on separate copies of the Agreement, provided all Parties sign the Agreement.

7. **Severability**. To the extent a term of this Agreement is found to be unenforceable, the term shall be stricken, and the remaining terms shall remain in full effect.

8. **Release of Claims**. In exchange for the Gross Settlement Proceeds, Plaintiff releases, absolves, and discharges each of the Littlefield Defendants, from any claims, demands, actions, suits, causes of action, damages, or liabilities arising under the FLSA and the FMWA for unpaid/underpaid wages (including overtime), as well as of attorneys' fees and costs owed to plaintiff.

9. **Mode, Manner, and Timing of Installments.** The Gross Settlement Proceeds shall be delivered to plaintiff's counsel, Odom & Barlow, P.A., 1800 North E Street, Pensacola, Florida 32501 within thirty (30) days of the Court's issuance of an Order approving this Settlement.

10. **No Admission of Liability**. This Agreement is a compromise and settlement of disputed claims. Nothing in this Agreement shall be construed as an admission of liability by the Littlefield Defendants. Littlefield Defendants expressly deny any violation of a law, rule, regulation, or policy as alleged by Plaintiff in the Lawsuit or otherwise.

11. **Choice of Law**. This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of Florida.

12. **Enforceability**. To the extent one of the Parties to this Agreement has to file an action or otherwise litigate to enforce the terms of this Agreement against the other Party or Parties, the prevailing party shall be entitled to attorney's fees and costs incurred as a result of an action or effort to enforce this Agreement.

13. **General Terms and Conditions**. The Parties acknowledge and represent that no promise or representation not contained in this Agreement has been made to them and acknowledge and represent that this Agreement contains the entire understanding between them and contains all terms and conditions pertaining to the compromise and settlement of the subjects referenced in this Agreement. This Agreement may only be amended or modified by a writing signed by all of the Parties. Any waiver of any provision of this Agreement shall not constitute a waiver of any other provision of this Agreement unless expressly so indicated. The headings in this Agreement are for reference only and shall not

in any way affect the meaning or interpretation of this Agreement. Moreover, the terms of this Settlement Agreement shall be construed according to their ordinary and plain meaning, and not for or against any party, as the terms of this Settlement Agreement have been negotiated.

14.   **Knowing and Voluntary Waiver; Consultation With Attorney.** THE PARTIES AFFIRM THAT THEY ARE ENTERING INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AND NOT AS A RESULT OF COERCION, DURESS, OR UNDUE INFLUENCE. THE PARTIES AFFIRM THAT THEY HAVE READ AND FULLY UNDERSTAND THE TERMS OF THIS AGREEMENT. THE PARTIES FURTHER AFFIRM THAT THEY HAVE CONSULTED WITH THEIR RESPECTIVE ATTORNEYS PRIOR TO EXECUTING THIS AGREEMENT.

**SIGNATURES ON PAGE 5**

Dated: __3-25__, 2021         _____
                              WILLIAM R. KANE, III
                              *Plaintiff*


Dated: _____, 2021  _____
                              LITTLEFIELD CORPORATION
                              By:_____
                              Title:_____
                              *Defendant*


Dated: __March 25__, 2021      _____
                              PENSACOLA ONE, INC.
                              By: __Richard Bunkley__
                              Title: __VP__
                              *Defendant*


Dated: __March 25__, 2021      _____
                              RICHARD BUNKLEY
                              *Defendant*

Dated: __3-25__, 2021        _____
                             WILLIAM R. KANE, III
                             *Plaintiff*

Dated: __3/25__, 2021        _____
                             LITTLEFIELD CORPORATION
                             By: __JAMES D. RECTES__
                             Title: __President__
                             *Defendant*

Dated: _____, 2021  _____
                             PENSACOLA ONE, INC.
                             By:_____
                             Title: _____
                             *Defendant*

Dated: _____, 2021  _____
                             RICHARD BUNKLEY
                             *Defendant*